**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| IN RE:<br>FRANCIS J. MCGILL<br>    Debtor | Case No. 19-17372-amc<br><br>Chapter 13 |
| WELLS FARGO BANK, N.A.<br>    Movant | |
| vs.<br>FRANCIS J. MCGILL<br>JOYCE L MCGILL (NON-FILING CO-DEBTOR)<br>    Respondents | 11 U.S.C. §362 and §1301 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER §362 AND §1301 CO-DEBTOR STAY PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001**

Movant, by its attorneys, Brock and Scott PLLC, hereby requests a termination of Automatic Stay and leave to foreclose on its mortgage on real property owned by FRANK MCGILL, AKA FRANCIS J. MCGILL and JOYCE L MCGILL (NON-FILING CO-DEBTOR) (the "Debtors").

1. Movant is Wells Fargo Bank, N.A.

2. Debtors are the owners of the premises located at 14 Lenape Dr, New Hope, Pennsylvania 18938 hereinafter known as the mortgaged premises.

3. Movant is the holder of a mortgage on the mortgaged premises.

4. Debtors' failure to tender monthly payments in a manner consistent with the terms of the Mortgage and Note result in a lack of adequate protection.

5. The following chart sets forth the number and amount of post- payments due pursuant to the terms of the Note that have been missed as of May 18, 2021:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 1 | February 28, 2021 | February 28, 2021 | $150.95 (partial from $585.35) | $150.95 |
| 1 | March 28, 2021 | March 28, 2021 | $586.35 | $586.35 |
| 1 | April 28, 2021 | April 28, 2021 | $587.60 | $587.60 |
| | | | Less partial payments (suspense balance): $0.00 | |
| | | | **Total:** | **$1,324.90** |

6. The next payment is due on or before May 28, 2021 in the amount of $588.62. Under the terms of the Note and Mortgage, Debtors have a continuing obligation to remain current post-petition and failure to do so results in a lack of adequate protection to Movant.

7. Movant specifically requests permission from the Honorable Court to communicate with and Debtors and Debtors' counsel to the extent necessary to comply with applicable non-bankruptcy law.

8. Movant, it's successors and assignees posit that due to Debtors' continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees should be allowed to immediately enforce and implement the Order granting relief from the automatic stay.

9. Movant additionally seeks relief from the co-debtor stay under §1301 (c) (if applicable) in the instant case, as the continuation of the co-debtor stay causes irreparable harm to the Movant. Movant may be barred from moving forward with its state court rights under the terms of the mortgage without relief from the co-debtor stay.

10. Movant requests that if relief is granted that Federal Rule of Bankruptcy Procedure 3002.1 be waived.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order;

a. Modifying the Automatic Stay under Section 362 and Co-Debtor Stay under Section 1301 with respect to 14 Lenape Dr, New Hope, Pennsylvania 18938 (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors and assignees, to proceed with its rights under the terms of said Mortgage; and

b. That relief from any Co-Debtor Stay (if applicable) is hereby granted; and

c. Movant specifically requests permission from this Honorable Court to communicate with Debtors and Debtors' counsel to the extent necessary to comply with applicable non-bankruptcy law; and

    d.    Holding that due to Debtors' continuing failure to tender post-petition mortgage payments and the resulting and ever-increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees, should be allowed to immediately enforce and implement the Order granting relief from the automatic stay; and

    e.    Waiving Federal Rule of Bankruptcy Procedure 3002.1; and

    f.    Granting any other relief that this Court deems equitable and just.

May 25, 2021

> */s/ Matthew Fissel*
> Matthew Fissel
> (Bar No. 314567)
> Attorney for Creditor
> BROCK & SCOTT, PLLC
> 302 Fellowship Road, Suite 130
> Mount Laurel, NJ 08054
> Telephone:  844-856-6646 x4535
> Facsimile:  704-369-0760
> E-Mail:  PABKR@brockandscott.com

**RIGHT TO FORECLOSE** (Check one of the following):

**BANK OWNED Accounts**

☑ **Have Possession of the Signed LCA and Mortgage or Deed of Trust**

Debtor(s) executed a Creditor's home equity line of credit agreement (the "Debt Agreement") and agreed to be bound by its terms. The Debt Agreement is secured by a mortgage or deed of trust. Creditor is the original mortgagee/successor or beneficiary of the mortgage or deed of trust.

☐ **Signed LCA Cannot be Located**

Debtor(s) executed a Creditor's home equity line of credit agreement (the "Debt Agreement") and agreed to be bound by its terms. Creditor is unable to find the signed Debt Agreement and will seek to prove the indebtedness using a lost document affidavit. Creditor is the original mortgagee/successor or beneficiary of the mortgage or deed of trust.

**BANK OWNED Accounts – Non Debtor**

☐ **Have Possession of the Signed LCA and Mortgage or Deed of Trust**

Debtor(s) executed a mortgage or deed of trust which serves as collateral for Creditor's home equity line of credit agreement (the "Debt Agreement"). Debtor(s) is not liable to the Creditor under the Debt Agreement. Creditor is the original mortgagee/successor or beneficiary of the mortgage or deed of trust.

☐ **Signed LCA Cannot be Located**

Debtor(s) executed a mortgage or deed of trust which serves as collateral for Creditor's home equity line of credit agreement (the "Debt Agreement"). Debtor(s) is not liable to the Creditor under the Debt Agreement. Creditor is unable to find the signed Debt Agreement and will seek to prove the indebtedness using a lost document affidavit. Creditor is the original mortgagee/successor or beneficiary of the mortgage or deed of trust.

**CORRESPONDENT Accounts**

☐ **Have Possession of the Signed LCA and Mortgage or Deed of Trust**

Debtor(s) executed a home equity line of credit agreement (the "Debt Agreement") and agreed to be bound by its terms. The Debt Agreement was assigned to Creditor. The Debt Agreement is secured by a mortgage or deed of trust. Creditor is the assignee of the mortgage or deed of trust.

☐ **Signed LCA Cannot be Located**

Debtor(s) executed a Creditor's home equity line of credit agreement (the "Debt Agreement") and agreed to be bound by its terms. The Debt Agreement was assigned to Creditor. The Debt Agreement is secured by a mortgage or deed of trust. Creditor is unable to find the signed Debt Agreement and will seek to prove the indebtedness using a lost document affidavit. Creditor is the assignee of the mortgage or deed of trust.

**CAPITAL MARKETS Accounts**

☐ **Have Possession of the Signed LCA and Mortgage or Deed of Trust**

Debtor(s) executed a Creditor's home equity line of credit agreement (the "Debt Agreement") and agreed to be bound by its terms. The Debt Agreement is secured by a mortgage or deed of trust. Creditor is the original mortgagee/successor or beneficiary or assignee of the mortgage or deed of trust.

☐ **Signed LCA Cannot be Located**

Debtor(s) executed a Creditor's home equity line of credit agreement (the "Debt Agreement") and agreed to be bound by its terms. The Debt Agreement is secured by a mortgage or deed of trust. Creditor is unable to find the signed Debt Agreement and will seek to prove the indebtedness using a lost document affidavit. Creditor is the original mortgagee/successor or beneficiary or assignee of the mortgage or deed of trust.